DANIEL COMSTOCK and another *v.* ANTONIO PAIE and another.

One who had signed a sequestration bond as surety for plaintiffs, but had been released before the trial, another surety having been substituted, is a competent witness for the plaintiffs.

Where the petition prays for a judgment against defendants *in solido*, and one of the latter severs in his answer, but does not plead that the obligation is joint only, and judgment is rendered against defendants *in solido*, it will not be disturbed on appeal.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Bartlette,* for the appellant, submitted this case without argument. No counsel appeared for the appellees.

BULLARD, J. The appellant, Paie, relies mainly for a reversal of the judgment against him, upon a bill of exceptions taken to the admission of Gyles, as a witness. The objection was, his interest in the case, he having signed the sequestration bond as surety for the plaintiffs. It appears, that, previously to the trial, he had been released, and another surety substituted in his place ; nor does the record show that it was too late to permit such a substitution, and thereby remove all objection to the competency of the witness.

It is further objected, that the testimony of a single witness is not sufficient to prove the indebtedness of the appellant. His testimony appears to us to have been fortified by corroborating circumstances, sufficient to justify the verdict.

The appellant's counsel further insists, that the obligation alleged in the petition is a joint one ; and that the plaintiffs are entitled to a judgment, at most, for only one-half. To this it is a sufficient answer to say, that the petition claims judgment *in solido*, and the appellant chose to sever in his answer, and did not plead that the obligation was joint, and not *in solido*.

Upon the merits, the evidence satisfies us that no error was committed below.

*Judgment affirmed.*